CRUZ, PLAINTIFF AND APPELLANT, *v.* HEIRS OF JIMÉNEZ, DEFENDANTS AND APPELLEES (DELGADO ET AL., INTERVENORS AND APPELLANTS).

Appeal from the District Court of Humacao in an Action for Nullity of Lease.

No. 2325.—Decided December 23, 1921.

APPEAL—STATEMENT OF CASE—DISCRETION OF COURT.—In this case the judgment roll was filed in the Supreme Court and thereafter a statement of the case approved by the lower court over the objection of the appellee on the ground

that it had been presented too late. A motion having been made to strike out the statement of the case and dismiss the appeals, the first part of the motion was granted because the district court lacked jurisdiction to approve the statement of the case, section 140 of the Code of Civil Procedure not conferring *prima facie* discretion upon the court to approve it under the circumstances. The motion for dismissal of the appeals was overruled because the judgment roll could serve as a basis for maintaining and considering them by an examination of the errors of law which may appear from the face of the record as filed.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

*Mr. F. González* for the appellee.

*Mr. A. Dones* for the intervenor-appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Submitted to this court for consideration are two motions filed on October 15, 1921, by the defendant-appellees, the heirs of Dr. Manuel Jiménez Cruz. One motion asks the court to strike from the record the statement of the case and dismiss the appeals taken by the plaintiff-appellant, Eladia Cruz Jiménez, and the intervenor-appellants, Enrique Delgado *et al.*, for inobservance of the statutes governing the transcript of the evidence on appeal and because the said statement was filed in the district court after the expiration of the time allowed therefor, and the other motion asks the court to dismiss the appeal taken by the intervenors because of their failure to file any brief in accordance with Rules 42 and 60 of this court.

In order to determine whether or not the first motion should be sustained it is necessary to recite the facts relating to it, and they are as follows:

The judgment in this case was rendered on June 25, 1920, and notice thereof was given to the plaintiff and to the intervenors on the 28th day of the same month.

The intervenors filed a notice of appeal from the judgment on July 15, 1920, and the plaintiff also filed a like notice of appeal on July 22, 1920.

On July 22, 1920, the intervenors moved the court to extend for thirty days more the ten days allowed by law within which to file the bill of exceptions, the statement of the case and the judgment roll, and to order the stenographer of the court to prepare the transcript of the evidence, which should form a part of the statement of the case, within the said extension of time. By an order of the same day the court granted the extension, but overruled the motion as to the transcript of the evidence, inasmuch as the stenographer who acted at the trial of the case had resigned his office and was then absent in the United States and out of the jurisdiction of the court, the stenographer succeeding him not being able to transcribe and certify the record of the case.

The intervenors then, in a motion filed on August 2, 1920, asked the court to order the clerk to deliver temporarily to their attorney, so that he might prepare a statement of the case, the record and notes of the oral proceedings and the testimony given during the two sessions of the trial, which records and notes must necessarily have been prepared by the stenographer and delivered to the clerk of the court in accordance with sections 3 et seq. of the Act of March 10, 1904, creating the office of stenographer, and must have been before the court when it rendered the judgment. This motion was overruled by an order of the 2nd of August which reads as follows:

"The foregoing motion is overruled because the stenographer who acted during the trial of the case has gone to the United States after resigning his office, without having finished the transcript of the record. As soon as the clerk receives the said transcript a proper order will be made."

The plaintiff-appellant, Eladia Cruz Jiménez, also filed a motion on July 22, 1920, asking for an extension of twenty days of the time allowed by law for filing the statement of the case and bill of exceptions in view of the fact that she elected to have the court's stenographer prepare the tran-

script of the evidence examined at the trial, stating that in order to save time and expense she was trying to obtain permission from the intervenors, who had also appealed, to use their transcript, in which case a stipulation would be made and submitted to the court to the effect that the statement of the case containing the transcript of the evidence to be prepared by the stenographer for the intervenors might be used also by the plaintiff-appellant. On the said motion an order was entered on July 23, 1920, granting an extension of twenty days within which to file the bill of exceptions and statement of the case and denying that part of the motion regarding the transcript of the evidence for the reasons already given in ruling on the motion of the intervenors to the same effect. Thereupon the plaintiff-appellant, Eladia Cruz, in a motion filed on August 2, 1920, stated to the court that in view of the position in which she had been placed by reason of the stenographer's absence, she could do nothing in support of her appeal from the judgment but prepare a statement of the case and bill of exceptions herself, in accordance with the former procedure, and therefore asked the court to order the clerk to deliver to her for a reasonable period of time the copy of the stenographic record which the stenographer must have left with him for the use of the court, in accordance with the provisions of the act creating the office of stenographer. The court overruled that motion for the same reasons stated in overruling the motion of the intervenors.

In view of the difficulties created by the stenographer's absence in the preparation by the appellants of their respective appeals, counsel for both appellants filed a motion on August 6, 1920, informing the court that they had agreed to join in the necessary steps to get the stenographer, whose address in New York they had succeeded in ascertaining, to send them a copy of the stenographic record of the trial so as to prepare from it a statement of the case and other docu-

ments in support of their respective appeals, concluding with a prayer that the court approve the stipulation made by them and grant them an extension of thirty days within which to file the statement of the case and bill of exceptions, the total of the extensions being then fifty days, and that notice of the order to be entered be given to the stenographer. This motion was sustained by an order of August 6, 1920.

On September 23, 1920, a motion was filed in the district court by both appellants, alleging that notwithstanding the court's order of August 6th and the letters addressed to the stenographer, Delfín López Rivera, by the court and by the parties requesting him to prepare the transcript of the evidence, the said stenographer either had not been found or had not cared to answer the said letters, for which reason, inasmuch as they could not count on the transcript for their appeals and as the extension granted for filing the transcript was about to expire, they had decided to prepare a statement of the case from the notes taken by the attorneys and prayed the court to grant them an extension of forty days for preparing the said statement. This motion was sustained by the court on September 27, 1920.

It does not appear that the district court granted further extensions to the appellants for the preparation of the statement of the case, but it does appear, first: That on September 22, 1920, they filed with the secretary of this Supreme Court a certified copy of the judgment roll and two days thereafter made a motion for an extension of forty days within which to prepare and file in the office of the said secretary a statement of the case and bill of exceptions in support of the appeals taken by them, adding that if this could not be granted the running of the time in both appeals be suspended until the statement of the case and bill of exceptions duly approved by the trial judge should be filed in the secretary's office, to which end they alleged and attempted to establish the facts which had delayed the preparation of

the said documents. Second: That the court being in vacation, a justice heard the said motion in chambers and granted an extension of thirty days from the 2nd day of the following October within which to file the statement of the case: Third: That on motion of the said appellants they were granted by the said justice in chambers on October 26th another extension of thirty days from November 1st. Fourth: That on November 26 this court, then in session, granted them another extension of thirty days from December 1, 1920, for filing the statement of the case. Fifth: That by a motion of December 13, 1920, the appellants asked for another extension of thirty days and after a hearing on the said motion at which the appellants and the appellee were present, the court, by an order of January 13, 1921, set aside all of the previous orders granting extensions and refused to grant the extension last asked for.

On December 5, 1920, the appellants filed another motion in the district court, alleging that within the extension granted by the Supreme Court for the preparation of the statement of the case they obtained from the clerk of the district court certified copies of all the documents admitted in evidence and also prepared as a part of the said statement an abstract of the testimony given by the witnesses at the trial. The motion was accompanied by the certified copies and testimony which complete the statement of the case, and copies of them had been delivered to the attorney for the appellee. They alleged that inasmuch as the said statement had to be approved by the trial judge, in order to have sufficient time for that purpose until the transcript was actually filed in the office of the secretary of the Supreme Court, they had obtained from the Supreme Court an extension of time which would expire on December 23, concluding with a prayer that the court set the nearest possible day for the hearing. We do not find in the record the ruling on that motion, but it

contains an order of January 24, 1921, which reads as follows:

"This 24th day of January, 1921, being the day set for hearing the objections to the bill of exceptions and statement of the case presented by the appellants in the above-entitled case, the parties appeared by their attorneys, José de Guzmán Benítez for the plaintiff, Francisco González for the defendants and Adolfo Dones for the intervenors. Counsel for the defendants having made a motion that the statement of the case should not be approved because it was not presented in time and was incomplete, after hearing the attorney for the adverse party, José de Guzmán Benítez, and in the exercise of the discretion conferred upon it by section 140 of the Code of Civil Procedure, the court overrules the said motion for disapproval of the statement of the case because it was not filed in time and orders that the testimony of the witnesses and the documents alleged by the defendants to have been omitted be added to the said statement and to that end the stenographer of this court is ordered to deliver to the parties within fifteen days a copy of the stenographic record, and thereupon both parties by agreement shall prepare a statement of the case as they may be . advised and the court will pass on it."

On February 7, 1921, the stenographer filed a motion asking for an extension of ten days for the delivery of the stenographic record to the parties on the ground that the fifteen days allowed by the court expired on the 8th and he had not been able to finish the transcript of the record; and by an order of the same day the said extension of fifteen days was granted.

On February 8th the attorneys for the appellants filed another motion asking for an extension of ten days from the 8th of the same month in order to prepare the statement of the case, and by an order of the same day this extension was granted.

' The appellants presented as a supplement to the statement of the case a complete copy of the record in case No. 5682 of the same court, Eladia Cruz Jiménez et al. v. Heirs

of Manuel Jiménez Cruz, an action of unlawful detainer, and on February 18 they presented the stenographic record of the case, the court entering the following order on April 4, 1921:

"ORDER.—Being absent in San Juan attending a session of the Legislative Assembly of Porto Rico of which I am a member, a new date will be set after the Senate adjourns for hearing the parties in connection with the approval of the statement of the case herein presented.—Humacao, P. R., April 4, 1921.—(Signed) Cuevas Zequeira, Judge."

The order approving the statement of the case was entered on May 28, 1921, and it reads as follows:

"I, Rafael Cuevas Zequeira, who presided at the trial of this case as Judge of the District Court of the Judicial District of Humacao, P. R., certify:

"That I approve the transcript of the record presented by the appellants in this case and submitted to me for examination and approval, inasmuch as I find it to be true and correct as containing all of the evidence examined at the trial and also the exceptions taken, and it is ordered that it be made a part of the judgment roll for the purposes of the appeal taken by the plaintiffs and the intervenors from the judgment entered in this case on June 25, 1920.

"Given under my hand and the official seal of the District Court of Humacao at Humacao, P. R., on May 28, 1921.—(Signed) Rafael Cuevas Zequeira, Judge."

As already stated, on September 22, 1920, the appellants filed in the office of the secretary of this court a certified copy of the judgment roll. Thereafter, on June 3, 1921, they filed copies certified by the clerk of the District Court of Humacao of the documents offered in evidence at the trial by the parties and another copy certified by the stenographer of the testimony of the witnesses, with a certificate of the judge approving the transcript of the record.

The appellants could have prepared their appeals by means of a statement of the case in the manner prescribed

·by section 299 of the Code of Civil Procedure, as amended by Act No. 81 of June 26, 1919, or by means of a transcript of the evidence prepared by the stenographer in the manner authorized by Act No. 27 of November 27, 1917. The appellants have used both methods, first electing one and then abandoning it for the other, then abandoning the latter to return to the former, and finally using both.

We refrain from considering whether such informalities, under the circumstances of the case, could determine of themselves the nullity of the transcript of the record and, consequently, of its approval by the District Court of Humacao by its order of May 28, 1921, for we prefer to hold them null ·and void for the reasons to be stated.

The so-called statement of the case was filed in the lower court after the expiration of the time and of the extensions granted therefor. The appellants themselves say in their motion of December 5, 1920, that within an extension of time granted them by the Supreme Court for the preparation of the statement of ·the case (they must refer to the thirty-day extension granted them· on November 26, 1920,) they had obtained from the clerk of the district court certified copies of all the documents admitted in evidence and had made an abstract of the testimony given by the witnesses at the trial. But that extension and others were adjudged null and void by the order of this court of January 13, 1921, and can not serve as a shield for maintaining that the statement of the case was presented in time.

The lower court relies on section 140 of the Code of Civil Procedure for overruling the appellee's motion for the disapproval of the statement of the case because it was not filed in time. We have examined that statute and *prima facie* it does not authorize the exercise of discretion in a case like the present and the appellants have not attempted to show the contrary by an analysis of the jurisprudence that may

be applicable. They could have asked the district court for as many extensions as were necessary, and it was their mistake to ask them of the Supreme Court. The court of Humacao acted without jurisdiction in approving a transcript of the record presented to it after the expiration of the time fixed, and in support of this conclusion we cite the jurisprudence laid down by this court in the cases of *Santos* v. *West Porto Rico Sugar Company et al.*, and *Ruíz* v. *Succession of Jiménez*, 28 P. R. R. 869 and 931, respectively.

The said transcript should be stricken from the record, but that does not necessitate the dismissal of the appeals, for although the evidence examined at the trial can not be reviewed without a statement of the case or a transcript of the stenographer's notes approved by the trial judge, the judgment roll which was filed in the office of the secretary of this court on September 22, 1920, can serve as a basis for sustaining the appeals by an examination of the errors of law only which may appear from the text of the record.

As regards the motion for dismissal of the appeal of the intervenors because of failure to file a brief in accordance with Rules 42 and 60 of this court, the record shows that counsel for the intervenors was granted by this court several extensions of time within which to file his brief, among them one of thirty days from September 30, 1921, and that extension not having expired on October 15th when the motion was made, the said motion must be overruled.

For the foregoing reasons the transcript of the evidence must be stricken from the record, but the appeals taken by plaintiff Eladia Cruz Jiménez and intervenors Enrique Delgado *et al.* are not dismissed.

*Motion overruled in part.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.